## CAPRA v. PENNSYLVANIA R. CO.
### Civ. No. 7899.

United States District Court,
E. D. New York.
Nov. 30, 1953.

Frank A. Margiotta, Brooklyn, N. Y., for plaintiff, Morris M. Marcus, Brooklyn, N. Y., of counsel.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant, A. Harold Frost, New York City, of counsel.

INCH, Chief Judge.

This is an action for personal injuries sustained by plaintiff as a result of defendant's alleged negligence. By consent the issue of liability was tried by the Court without a jury, and the parties further agreed that in the event the Court should find defendant liable, then the trial would continue at a later date on the question of damages.

Many of the basic facts were the subject of a stipulation at the commencement of the trial.

The accident occurred at about 9:30 a. m. on October 18, 1946. Plaintiff was a stevedore employed by John T. Clark & Son, which firm was under contract with the United States Army to unload

certain freight cars at the Brooklyn Army Base. Plaintiff claimed that while he was unloading cartons of canned carrots from a freight car owned by defendant, he stepped into a hole in the freight car floor and sustained the injuries of which he complains.

It was established, without contradiction, that this freight car was out of the possession and control of defendant from February 9, 1946 until October 19, 1946, the day *following* the accident. On February 9, 1946, the car was delivered empty by defendant to the Chicago, Burlington & Quincy Railroad in Chicago. At that time the car was inspected both by the defendant railroad and the receiving railroad and no exception was taken to the condition of the car. Thereafter the car went from Chicago by various railroads to Pasco, Washington. In the interim possession and control of the car changed ten times among various railroads, all of which had an equal opportunity to inspect the car.

The car was loaded at Pasco, Washington while in possession and control of the Spokane, Portland and Seattle Railroad on September 24, 1946. It was then sealed and consigned to the Port Transportation Officer at the Brooklyn Army Base. On the trip to Brooklyn possession and control of the car again changed six times among various railroads, and the car was finally delivered to the Brooklyn Army Base by the Long Island Railroad shortly before October 18, 1946, the date of the accident. The car was unloaded by plaintiff in the course of his employment by John T. Clark & Son while the car was in the possession of the United States Army and the Long Island Railroad. On the following day, October 19, 1946, the car was returned to the defendant at Greenville.

During the period from February 9, 1946 until October 19, 1946, when the car was out of the possession and control of defendant, there was no evidence that defendant received any notice of a defective condition in the car.

On the evidence before me it cannot be said that defendant furnished plaintiff with a defective car. All the proof is to the contrary. As already indicated, when the car left defendant's possession it was inspected by defendant and the receiving carrier and no exception was taken to its condition. Thereafter possession and control of the car changed sixteen times among various railroads and defendant received no notice of any defect. During this entire period of more than eight months defendant did not load the car, transport it or control it. Custody of the car was returned to defendant one day after plaintiff sustained his injury. Defendant is not an insurer of its freight cars, and plaintiff has failed to prove that there was any defect in the car when it left defendant's control on February 9, 1946, or that defendant had any duty or any reasonable opportunity to inspect the car after it left its control or that it knew or should have known of any defect in the car before it was returned to its control after the accident. Under these circumstances defendant cannot be charged with negligence and cannot be held liable to plaintiff.

Defendant's motions to dismiss the complaint as a matter of law on which decision was reserved at the trial are denied. However, on all the above evidence defendant is entitled to judgment.

Findings of fact and conclusions of law are being filed herewith. Settle order.

### Findings of Fact.

1. On October 18, 1946 plaintiff was employed as a stevedore by John T. Clark & Son, which firm was under contract with the United States Army to unload certain freight cars at the Brooklyn Army Base at 58th Street and 1st Avenue, Brooklyn, New York.

2. At about 9:30 a. m. on the above date, plaintiff while engaged in the unloading of cartons of canned carrots from freight car No. 51095, owned by defendant, allegedly stepped into a hole

in the freight car floor and sustained the injuries complained of.

3. On February 9, 1946 the said freight car was delivered empty by defendant to the Chicago, Burlington & Quincy Railroad in Chicago.

4. At that time the car was inspected by the defendant railroad and the receiving railroad and no exception was taken to the condition of the car.

5. Thereafter the car went from Chicago by various railroads to Pasco, Washington.

6. In the interim possession and control of the car changed ten times among various railroads, all of which had an equal opportunity to inspect the car.

7. On September 24, 1946 the car was loaded at Pasco, Washington while in the possession and control of the Spokane, Portland and Seattle Railroad, and it was then sealed and consigned to the Port Transportation Officer at the Brooklyn Army Base.

8. On the trip from Pasco, Washington to Brooklyn, New York possession and control of the car again changed six times among various railroads, and the car was finally delivered to the Brooklyn Army Base by the Long Island Railroad shortly before October 18, 1946.

9. On October 19, 1946 the car was returned to the defendant at Greenville.

10. During the period from February 9, 1946 until October 19, 1946 the freight car was not in the possession and control of the defendant.

11. There was no defect in the freight car when it left defendant's control on February 9, 1946, and defendant had no opportunity to inspect the car after it left its control.

12. Defendant received no notice and had no knowledge of any defective condition in the car before it was returned to its control on October 19, 1946, one day after plaintiff's accident.

13. Plaintiff's accident occurred while the car was in the possession and control of the Long Island Railroad and the United States Army.

### Conclusions of Law.

I. Plaintiff's injury was not caused by any negligence on the part of defendant.

II. Defendant is entitled to judgment in its favor.