■ STEPHEN SALERNO, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants. PACIFIC FRUIT EXPRESS COMPANY, Third-Party Plaintiff-Respondent, v. BEECH-NUT LIFE SAVERS, INC., Third-Party Defendant-Appellant.— Judgment insofar as it grants plaintiff recovery against defendant, New York Central Railroad Company, unanimously affirmed; judgment insofar as it grants plaintiff recovery against defendant, Pacific Fruit Express Company, unanimously reversed on the law and facts, and complaint as to defendant Pacific dismissed, without costs of these appeals to any party. Memorandum: There is ample evidence to sustain the plaintiff's verdict against the defendant New York Central Railroad Company. (*Baltimore & Ohio R. R. Co.* v. *Hughes*, 278 F. 2d 324; *Garner* v. *Pacific Elec. Ry. Co.*, 202 Cal. App. 2d 720; *Jusko* v. *Youngstown & Northern R. R. Co.*, 89 Ohio App. 496.) However, in order to prove a cause of action against the defendant Pacific Fruit Express Company, it was incumbent upon the plaintiff to establish that the accident resulted from negligence on the part of Pacific, either in creating a defective condition within the car which caused the accident or in failing to discover a defective condition in the conduct of a reasonable inspection before delivering the car to the San Jose, California, plant of the third-party defendant, Beech-Nut. (*Chicago, Rock Is. & Pacific R. R. Co.* v. *Williams*, 245 F. 2d 397, cert. den. 355 U. S. 855; *St. Louis-San Francisco Ry. Co.* v. *Ewan*, 26 F. 2d 619; *Albanese* v. *Southern Ry. Co.*, 131 F. Supp. 307; *Capra* v. *Pennsylvania R. R. Co.*, 116 F. Supp. 805; 75 C. J. S., Railroads, § 924.) There was no such proof produced as to Pacific, and the verdict against Pacific was founded on pure speculation. Inasmuch as the judgment against Pacific must be reversed and the complaint dismissed, it follows that the judgment in the third-party action, *Pacific* v. *Beech-Nut*, must also be reversed. (Appeal from judgment of Monroe Trial Term in favor of plaintiff in a negligence action.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ. [40 Misc 2d 785.]