PARKER v. GRAND TRUNK WESTERN RAILWAY CO.

1. MASTER AND SERVANT—ASSUMPTION OF RISK—IMPLIED CONTRACT—WAIVER—NEGLIGENCE.

   Assumption of risk is doctrine based on implied contract or waiver, requires relation of master and servant or contract for services, and relates to risks in course of such employment.

2. RAILROADS—NEGLIGENCE—ASSUMPTION OF RISK—MASTER AND SERVANT.

   In action by consignee's employee against railroad company for personal injuries alleged to have been caused by defective condition of car furnished to shipper by defendant, doctrine of assumed risk is not applicable; plaintiff not being employee of defendant.

3. SAME—DUTY TO INSPECT CAR.
   Railroad company has duty to inspect car and keep it in reasonable repair.

4. SAME—NEGLIGENCE—FAILURE TO INSPECT.
   Railroad company furnishing shipper with car which had defective floor was guilty of negligence, where inspection would have disclosed defect and need of repair.

5. SAME—CONTRIBUTORY NEGLIGENCE.
   One hired by consignee to help unload bags of potatoes from railroad car had right to assume that it was in repair, but was required to notice obvious defects likely to cause injury.

6. SAME—INSPECTION.
   While one engaged in unloading bags of potatoes from railroad car is not bound to inspect floor for defects as bags are removed, yet, if he saw hole in floor or had his attention called to it by fellow workman, then, if he carelessly backed into it, he would be guilty of contributory negligence.

7. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.
   Where there is evidence in record in support of trial court's finding that plaintiff was not guilty of contributory negligence, under circumstances, Supreme Court cannot reverse without new trial, on defendant's claim that said finding was against overwhelming weight of evidence.

8. DAMAGES—RAILROADS—HOSPITAL EXPENSES—EVIDENCE.
   In action against railroad company for personal injuries, allowance of damages for ''expenses incurred in hospitals and by doctors'' was reversible error, where record is barren on subject of said expense.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted October 27, 1932. (Docket No. 82, Calendar No. 36,760.) Decided January 3, 1933. Rehearing denied March 2, 1933.

Case by Amos M. Parker against Grand Trunk Western Railway Company, a Michigan corporation, and another for personal injuries alleged to have been caused by defective condition of car which plaintiff was helping to unload. Judgment for plaintiff. Defendant Grand Trunk Western Railway Company appeals. Reversed, and new trial granted.

*Emmons, Oren & Sleeper (William Howell* and *David A. Howell,* of counsel), for plaintiff.

*Victor H. Spike* and *William W. Macpherson,* for defendant Grand Trunk Western Railway Company.

WIEST, J.   While engaged in unloading bags of potatoes from a railroad refrigerator car, plaintiff stepped into a hole in the false bottom of the car and broke his leg. The car was selected by defendant company and delivered to the shipper at Miller's Station in this State, there loaded with potatoes in bags and consigned to Edward Hertlein Produce Company, Columbus, Ohio. When the car reached Columbus plaintiff was employed by the consignee in unloading the potatoes from the car to trucks. While dragging a bag of potatoes, weighing 150 pounds, along the floor toward the door of the car and moving backward, he stepped into the hole in the false floor and fell, with the bag of potatoes, and his right leg was fractured about six inches below the hip. The false floor in the car was constructed of slats, raised five or six inches from the floor proper and evidently intended to afford air space below a cargo. This suit to recover damages was tried before the court without a jury, and plaintiff was awarded $6,000. Upon review defendant contends that plaintiff was an invitee and was guilty of contributory negligence in not observing and avoiding the apparent danger; that plaintiff assumed the risk, and that the findings of the court were against the overwhelming weight of evidence, and the damages are excessive and without justifying evidence.

In healing, plaintiff's leg was shortened three-quarters of an inch, and, because of a syphilitic taint, he now has locomotor ataxia. The locomotor ataxia, however, was not occasioned by the accident.

Counsel seem to agree that plaintiff was an invitee. He certainly was working in the car as of right and performing a service therein, essential to both the carrier and the consignee, and within the purpose of freight carriage and delivery. The car floor was out of repair. It was defendant's duty to furnish a car in repair. This it did not do. The car was loaded with potatoes in bags, and to remove the potatoes at the destination it was necessary for men to walk upon the false floor.

But it is claimed by defendant that the hole had been uncovered before plaintiff was injured, was plainly visible, plaintiff's attention was called to it by a fellow workman, and, therefore, he assumed the risk and was also guilty of contributory negligence. In reply, the fact of notice was denied, assumption of risk was asserted inapplicable because plaintiff was not an employee of defendant, and there was no contributory negligence.

Assumption of risk is a doctrine based upon implied contract or waiver. 4 Elliott on Railroads (3d Ed.), § 1850. The doctrine requires the relation of master and servant, or contract for services, and relates to risks in the course of such an employment. As said in *Bradburn* v. *Railroad Co.*, 134 Mich. 575, 579:

"The principle of assumed risk rests upon the ground that it is an implied contract between the employer and the employee that the employee shall assume the risk of all dangers obviously incident to his employment."

Plaintiff was not an employee of defendant, therefore, the doctrine of assumption of risk has no applicability.

Contributory negligence needs no contract relation, for it is based upon failure to exercise ordinary

care to avoid injury from an apparent danger. The floor of the car was defective. The defect was dangerous. It was defendant's duty to inspect the car and keep it in reasonable repair. Inspection would have disclosed the defect and the need of repair. The defective car was furnished by defendant. Defendant was guilty of negligence. Plaintiff, in helping to unload the car, had the right to assume that it was in repair, but was required to notice obvious defects likely to cause him injury. The defect was not visible until uncovered by removal of bags. Plaintiff was not bound to inspect the condition of the floor as the bags were removed, but, if he saw the hole or had his attention called to it by a fellow workman, then, if he carelessly backed into it, he was guilty of contributory negligence.

The trial judge found that plaintiff did not hear the warning of a fellow workman, and, by reason of atmospheric conditions on that day, it being late in November and in the afternoon, the defect was not obvious to casual look by plaintiff, while engaged in removing heavy bags of potatoes. Defendant claims that the finding of the trial judge was against the overwhelming weight of the evidence. As the case must go back for a new trial, we need but say that there is evidence in support of the finding in the record. It would be of no benefit to review the evidence. The finding having supporting evidence, we cannot reverse without a new trial.

The trial judge assessed plaintiff's damages at $6,000, and stated the elements he took into consideration in doing so. We quote:

"This court, then, in assessing the damages, will be governed by loss of wages, expenses incurred in hospitals and by doctors, pain and suffering, and such damages as might result from a shortened leg."

Plaintiff was in a hospital under medical care for about three months, and probably at heavy expense, but the record is barren upon the subject of "expenses incurred in the hospitals and by doctors." The amount of the judgment would seem to indicate the allowance of a considerable sum for such expenses. We are in no better position, without evidence, to subtract an amount for such expenses, than the circuit judge was in in adding amounts for such expenses. The mentioned error calls for a new trial. *Cousins* v. *Railway Co.,* 96 Mich. 386 (4 Am. Neg. Cas. 152); *Pratt* v. *Hamilton,* 161 Mich. 258.

The judgment is reversed, and a new trial granted, with costs to defendant.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.