THE ERIE COUNTY UNITED BANK, APPELLANT, *v.* BERK ET AL., APPELLEES.

(No. 577—Decided November 1, 1943.)

*Messrs. Young & Young,* for appellant.
*Messrs. Flynn, Frohman, Buckingham, Py & Kruse, Messrs. Krueger, Rosino & Moyer* and *Mr. G. Ray Craig,* for appellees.

CARPENTER, J. The trial court sustained separate general demurrers by the several defendants to the amended petition and, plaintiff not wishing to plead·

further, dismissed it. From that order this appeal on questions of law was taken.

The material facts as alleged in the amended petition, which on demurrer must be accepted as true, are briefly as follows: Sometime before April 5, 1941, Ralph O. Nottke sold an automobile to Martha L. Hartley and she received an original certificate of title from the clerk of courts of Lorain county. On April 5, 1941, Nottke presented to that clerk an application for a certified copy of the certificate of title apparently signed and sworn to by Martha L. Hartley and certified to by defendant Thomas G. Williams as notary public, and on it the clerk issued a certified copy of the certificate in the name of Martha L. Hartley.

Thereafter, on April 5, 1941, Nottke presented to the clerk of courts of Erie county that certified copy, on the back of which was the assignment of the title to that automobile to him, apparently signed and sworn to by Martha L. Hartley and certified to by defendant J. A. Berk as notary public. In fact, Martha L. Hartley did not sign or swear to either of such documents and did not appear before either notary, and both instruments were forgeries, although each notary certified that she did so sign and swear before him.

The clerk of courts of Erie county, acting on that purported assignment, issued to Nottke a certificate of title "without noting thereon that the same was issued on a duplicate certificate."

On April 6, 1941, Nottke pledged that certificate to the plaintiff bank as security for a loan of $761.25, and in making that loan plaintiff relied upon the validity of the certificate and, it being invalid, has been defrauded and damaged by defendants' acts to the amount of the loan.

The gravity with which the law regards acts such as are here alleged to have been committed by these notaries is indicated by Section 131-1, General Code, which provides:

"Whoever being a notary public certifies to the affidavit of a person without administering the oath or affirmation to such person is guilty of a misdemeanor and shall be fined not more than one hundred dollars or imprisoned not more than thirty days, or both * * * ,,

All of these transactions arose under the Certificate of Title Law governing sales and encumbrances of motor vehicles, Section 6290-2 *et seq.,* General Code. The penal section of that law is Section 6290-17, General Code, which provides that whoever violates any of the provisions of that law "shall be fined not more than $200 or imprisoned for not more than ninety days, or both." If the allegations of the amended petition are true, these notaries violated two criminal laws. However, in this action plaintiff seeks to invoke a civil liability in tort upon each defendant notary for his alleged unlawful act. One of the essential elements of all tort liability is proximate cause. In other words, granting that the defendant's act was negligent, was that act the proximate cause of the plaintiff's damage?

Section 6290-11, General Code, a section of the Certificate of Title Law, provides:

"* * * Said certified copy and all subsequent certificates of title issued in the chain of title originated by said certified copy shall be plainly marked across their faces 'duplicate copy' and any subsequent purchaser of said motor vehicle in the chain of title originating through such certified copy shall acquire only such rights in such motor vehicle as the original holder of said certified copy himself had. Any purchaser of such motor vehicle may at the time of such purchase require the seller of same to indemnify him and all subsequent purchasers of said motor vehicle against any loss which he or they may suffer by reason of any claim or claims presented upon the original certificate."

It is now urged that had the clerk of courts of Erie county so endorsed the certificate issued to Nottke and which he pledged to the bank, it would have had notice of the infirmity in Nottke's title and could not now be heard to say that it relied upon that certificate, therefore the clerk's failure alone was the proximate cause of the loss.

The cause of the plaintiff's loss was the sequential and wrongful acts of each notary, the clerk and Nottke. Without any one of them, the loss would not have occurred. While the respective acts of the notaries and the clerk were not joint or done in the execution of any agreement or conspiracy between any two of them, or in concert or concurrence of action in point of time, each act did combine and coalesce with the others and thus link a continuous chain of events which produced the result and, together with Nottke's fraudulent conduct, constituted the proximate cause of the bank's loss, which would not have occurred but for each independent act.

The unlawful act of defendant Williams was unbroken by any intervening cause, but it, operating alone, could not have produced the result. It caused the loss only because of the unlawful acts of the others, none of which could have produced the result without the concurrent effects of the act of defendant Williams. Several things, including a notary's false certificate, operated to cause damage in *Inglewood Park Mausoleum Co.* v. *Ferguson,* 9 Cal. App. (2d), 217, 49 P. (2d), 305. That court concludes:

''It is not essential to a recovery of damages that a defendant's wrongful act be the sole and only cause of the injury; it is sufficient if it be a proximate cause which in the natural course of events produced, either by itself or in conjunction with other causes, the damage.''

In *Conor* v. *Flick,* 64 Ohio App., 259, 28 N. E. (2d),

657, this court discussed the relationship of more than one act or omission as constituting the proximate cause of resulting damage. To the same effect is *Motz* v. *City of Akron*, 22 Ohio App., 98, 103, 153 N. E., 868, and 62 Corpus Juris, 1133.

Defendants Williams and Berk can not be heard to say that had the clerk done his duty and endorsed the certificate ''duplicate,'' the loss would not have occurred. 2 Restatement of Torts, 1206, covers this:

''Failure of a third person to perform a duty owing to another to protect him from harm threatened by the actor's negligent conduct is not a superseding cause of the other's harm.''

An element of proximate cause is that the harm which results must be such that the actor might anticipate it as likely to happen. When each of these notaries certified to the false affidavits at the instance of Nottke, they might well have anticipated that some fraudulent use might be made of them. That is why such acts are made criminal.

The wrongful acts of the notaries, being thus conjoined and related, were material parts of the proximate cause of the damage and, being so, the actors were, in the sense of liability, joint tort-feasors and are liable to the plaintiff. It follows that their sureties who are parties herein, are also liable.

The trial court erred in sustaining the demurrers and dismissing the amended petition and the judgment is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

LLOYD and STUART, JJ., concur.