No. 36,107

JOE RUIZ, *Appellant*, v. THE MIDLAND VALLEY RAILROAD COMPANY, *Appellee.*

(148 P. 2d 734)

Opinion filed May 6, 1944.

*Harold H. Malone,* of Wichita, argued the cause for the appellant.

*James D. Gibson,* of Muskogee, Okla., argued the cause, and *C. H. Brooks* and *Paul R. Kitch,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by the employee of a consignee of a car of coal to recover damages for personal injuries from the originating railroad carrier. Plaintiff appeals from the order sustaining a general demurrer to his amended petition.

The amended petition, in substance, alleged:

Defendant, The Midland Valley Railroad Company, selected and furnished to the shipper at his mine at or near Greenwood, Ark., an empty coal car, to be loaded with lump coal; the car was shipped to the Consumers Fuel Company at Wichita, Kan.; the car was loaded to a depth of several feet, and was not disturbed on its journey; the car remained on defendant's railroad until it reached the end of the defendant's line at Wichita; at Wichita the car was transferred by defendant to the lines of carriers having sidings leading to the loading dock of the consignee, where it was set to be unloaded by the consignee; a thin film of slack covered the floor; plaintiff had removed approximately five-sixths of the coal; while carrying a large lump of coal his left foot and leg suddenly sank through the floor of the car; upon a later examination of the floor it was discovered a hole had rotted out in the floor and that at some previous time, the exact time being unknown to plaintiff, an attempt had been made to repair the hole by placing a board over a part of the hole; the board did not cover the entire opening; the floor around the edge of the hole which was not covered by a board or patch was badly rotted and gave way beneath plaintiff's weight.

The amended petition further alleged:

"That said floor was in the same condition when it was loaded with coal as it was when the coal was removed therefrom. That at the time defendant selected and furnished said car it knew, or in the exercise of ordinary care could have known, of the defective condition of the floor, and that defendant knew that said car was to be unloaded by the plaintiff or by some person in like capacity walking over said floor. That defendant knew, or in the exercise of reasonable care ought to have known, that with said hole exposed and unguarded in the floor of said car, that plaintiff or others in a like capacity were apt to be injured thereby. That the defendant negligently selected said car in such defective condition and negligently furnished it to the shipper for loading with coal. That it negligently failed to repair said defects, and negligently failed to properly repair said defect, and negligently failed to warn plaintiff of said defects in time to avoid injury to plaintiff. That as a direct and proximate result of the negligent acts and omissions of the defendant plaintiff fell through the floor of said box car as aforesaid."

In the original petition two additional railroads were named as parties defendant. They were the St. Louis and San Francisco Railroad and the Rock Island Railroad Company. The first above named company was charged with having furnished its defective car to the shipper for loading. The latter named defendant was

specifically named as the ultimate delivering carrier. The original petition charged that defendant with the following negligence:

"The defendant the Rock Island Railroad negligently and carelessly failed to inspect said car before placing it at said loading dock, when it knew or ought to have known of the dangerous and defective condition of said car; and negligently and carelessly failed to warn the plaintiff of said dangerous and defective condition, notwithstanding it knew that plaintiff was unloading or about to unload said car of coal."

In the amended petition only appellee, The Midland Valley Railroad Company, is named as a defendant and the above quoted charge of negligence against the Rock Island Railroad Company is omitted as are also the allegations against the St. Louis and San Francisco Railroad. Appellee is now sued alone and as the originating carrier. The amended petition does, however, clearly disclose that some other railroad was the ultimate carrier which delivered the car to the consignee. The amended petition in that respect reads:

"That in its route from said mine to said destination it was moved by defendant over defendant's railroad line to the end of defendant's line at Wichita, Kansas. Plaintiff is informed that said car was transferred by defendant to the lines of carriers having sidings leading to the loading dock of the Consumers Fuel Company, at 1518 Barwise, Wichita, Kansas, where said car was finally set for the purpose of being immediately unloaded by said Consumers Fuel Company."

Appellant frankly states the question presented by the demurrer to the amended petition is therefore this, "Was there an intervening cause which relieved defendant [the originating carrier] of liability for its negligence?" We think appellant properly states the issue. The trial court held such an intervening cause or agency was disclosed by the amended petition and sustained the demurrer. The ruling was based upon principles enunciated in *Railway Co. v. Merrill,* 65 Kan. 436, 70 Pac. 358. That decision resulted from a rehearing of the same case (61 Kan. 671, 60 Pac. 819). In that case the third carrier which last received the car for transportation over its lines and delivered it to the consignee was not sued. In the original opinion we held the first two carriers could be sued jointly for injuries suffered by a brakeman of the last, or third, carrier, the injuries having resulted from a defective endgate of a car which was in a defective condition when delivered to the third, or last, carrier. In the original opinion we further held the negligence of the third railway company in possession of the car at the time of

the accident in failing to inspect the car was concurrent merely, and *did not* break the causal connection between the negligence of the first two carriers and plaintiff's injury. On rehearing and further extended examination of the authorities we reversed our former decision and said:

"We are now fully convinced that the doctrine announced in the former decision on the subject in hand runs counter to an unbroken current of authorities, and fails to stand the test of reason. A critical examination of the cases cited in the former opinion to sustain the view then taken will show that they are distinguishable from the case at bar." (*Railway Co. v. Merrill,* 65 Kan. 436, 439, 70 Pac. 358.)

We need not here restate the distinguishing characteristics of cases analyzed in the opinion on rehearing. We there stated the reasons for reversing our former decision in which we held the first two carriers liable and said:

"A recovery has been denied in cases like the one at bar on two grounds: First, that there is a *positive duty resting on the receiving* railway company *to inspect* the car turned over to it for transportation by another company, to the end that its employees may not be injured by defects existing before its receipt; that the omission or negligent discharge of such duty breaks the causal connection between the negligence of the company tendering the defective car and the plaintiff's injury. In such cases the failure to inspect or the negligent manner of doing it is the *proximate cause* of the injury to the employee, and the negligence of the company turning over the unsafe car is the *remote cause*. *The failure to discharge the obligation to inspect interposes an independent agency which severs the causal connection between the company first guilty of negligence and the hurt.* It was so held in *Fowles v. Briggs,* 116 Mich. 425, 74 N. W. 1046, 40 L. R. A. 528, 72 Am. St. Rep. 537, a case very similar to this. See, also, *Lellis v. Michigan Central R. Co.,* 124 Mich. 37, 82 N. W. 828. The *duty* of a railway company *to inspect* cars of other roads *received by it is enjoined by law.* (*Mo. Pac. Rly. Co. v. Barber,* 44 Kan. 612, 24 Pac. 969, *Railroad Co. v. Penfold,* 57 id. 148, 45 Pac. 574, *Texas & Pacific Railway v. Archibald,* 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188.)" (p. 442.) (Emphasis supplied.)

The principle of proximate cause, or the interposition of an independent agency, as announced in the Merrill case, was later applied in favor of the carrier in *McCallion v. Railway Co.,* 74 Kan. 785, 788, 88 Pac. 50, where plaintiff sued his employers and the carrier which furnished the employers a ballast car with a defective brake. That action was predicated upon the theory of a joint tort but the petition alleged plaintiff's employers had personal knowledge of the defective brake on the day prior to the occurrence of the injury.

In *Folsom v. Chicago, R. I. & P. Ry. Co.*, 157 Kan. 328, 139 P. 2d 822, the only question involved on appeal was whether the petition stated a cause of action against the ultimate delivering carrier. We said it did and held:

"The general rule is that a railway company, when it delivers a car of freight to the consignee to be unloaded, in the absence of notice to the consignee to the contrary, represents to the consignee or his employee that the car is in a reasonably safe condition to be unloaded." (Syl. ¶ 1.)

In the instant case, as previously stated, it is not the ultimate delivering carrier but only the originating carrier that is being sued. Although the Folsom case pertained only to the liability of the ultimate delivering carrier, the opinion discussed the Merrill and Mc-Callion cases. It pointed out the reason for not holding prior carriers liable in those cases, and said:

"Our Merrill case and McCallion case both rest on the question of proximate cause of plaintiff's injury, or, more accurately, whether there was an intervening cause which relieved defendant of liability for its negligence." (p. 332.)

See discussion of the rule and cases from other jurisdictions in same opinion (pp. 332-333), in which one or both of the above mentioned Kansas cases are cited as applying to proximate or intervening cause, and see, also, *Kurtz v. Detroit, Toledo & Ironton R. Co.*, 238 Mich. 289, 295, 213 N. W. 169.

Appellant argues the Merrill case absolves carriers prior to the ultimate delivering carrier from liability only where such prior carriers have actually inspected the car before transferring it to a connecting carrier. The contention is not good. In the Merrill case the proximate or intervening cause of injury which barred liability of the originating carrier and its connecting carrier was held to be the failure of the third, or last, carrier to inspect the car for the protection of its brakeman who was injured. (See original opinion in *Railway Co. v. Merrill*, supra, for factual statement, and also *McCallion v. Railway Co.*, supra, p. 788.)

Appellant cites certain cases from other jurisdictions in which has been adopted a rule contrary to that which obtains in this state. That the authorities are not in complete harmony may be conceded. We do, however, pause to note that in *Missouri Pacific Railroad Company, Thompson, Trustee, v. Armstrong*, 200 Ark. 719, 141 S. W. 2d 25, cited by appellant, in which the initial carrier was held

liable, the initial carrier delivered the car to the tracks of another railroad which was the consignee.

Notwithstanding the fact that the ultimate delivering carrier is not named as a party defendant in the amended petition, that petition clearly discloses the defendant, The Midland Valley Railroad Company, transferred the car of coal to the lines of a delivering carrier which hauled the car over its lines and set it at the unloading dock of the consignee for immediate unloading. With respect to the defective car set out for unloading the amended petition, briefly stated, alleged:

There was a hole in the floor of the car; the flooring around the hole was badly rotted; the hole was only partly covered with a board which left part of the hole in the floor *exposed and unguarded;* the condition of the floor was the same when it was unloaded as when it was originally loaded.

From these allegations it follows the ultimate delivering carrier set out a car for unloading which was just as defective then as when it was loaded. Railroad carriers have a duty imposed upon them by law to inspect cars received by them from other carriers. (*Railway Co. v. Merrill,* supra.) In the absence of notice of the defect to the consignee by the delivering carrier that carrier represents to the consignee and its unloading employees that the car is in a reasonably safe condition for unloading. (*Folsom v. Chicago, R. I. & P. Ry. Co.,* supra.) The delivering carrier did not set out such a car. On the contrary, the amended petition discloses that carrier set out a car for immediate unloading with a hole in the floor which was *exposed and unguarded* and which was not in a reasonably safe condition for unloading. It gave the consignee no notice of the defective condition. Under the rule obtaining in this state the negligence of the delivering carrier in delivering such a car constitutes the proximate cause of the injury and the negligence of the originating carrier is the remote cause of the injury. Stated in another way, the negligence of the originating carrier was severed by the interposition of an independent agency which was the proximate cause of the injury. Until the delivering carrier was absolved of the negligence pleaded which, unexplained and unexcused, made that carrier primarily liable there could be no liability of the originating carrier which, if liable at all, was liable only secondarily. It follows the demurrer was properly sustained. The judgment is affirmed.