**Albert ALBANESE, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, a corporation, and National Distillers Products Corporation, a corporation, Defendants.**

United States District Court
S. D. New York.

May 20, 1955.

308

Nathan Baker, New York City, Bernard Chazen, Hoboken, N. J., of counsel, for plaintiff.

Davis Polk Wardwell Sunderland & Kiendl, New York City, J. Roger Carroll, New York City, of counsel, for defendant So. Ry. Co.

William S. O'Connor, New York City, William H. Williamson, New York City, of counsel, for defendant National Distillers Products Corp.

WEINFELD, District Judge.

In this negligence action the defendant Southern Railway Company moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment as against both the plaintiff and the defendant National Distillers Corporation which filed a cross complaint against the railway company.

Plaintiff, an employee of an independent contractor, was injured while unloading a shipment from a freight car when some of the cargo fell upon him in attempting to open the door by an electric machine after efforts to do so manually had failed. The accident occurred on March 14, 1952 at Hoboken, New Jersey. The car was owned by the defendant Southern Railway Corporation. The defendant National Distillers Corporation was the consignee of the shipment and is alleged to have loaded or arranged for the loading of the cargo on the car.

The car had been out of possession of the defendant Southern Railway Company since December 14, 1951, three months before the accident. Thereafter to the day of the occurrence the car, which the plaintiff claims had a defective door, had travelled over the lines of 13 other railroads and had been loaded three times and emptied twice.

In support of its motion Southern Railway's position is that the charge of negligence is the loading, transferring and unloading of the cargo; that since it was neither the originating, intermediate, nor delivering carrier it could not have participated in any of the affirmative acts of negligence because it did not have pos-

session or control of the car during the unloading operation when the accident occurred. In substance, it contends that as the owner of the car it had relinquished control on December 14, 1951. But this view overlooks the fact that the plaintiff is not limiting the charge of negligence to improper loading or unloading, but also charges that both defendants were negligent "(b) in failing to use reasonable care to keep and maintain such car in a reasonably safe condition, for the safety of the plaintiff and other invitees required to work thereon; (c) in that the door of the box car was in a defective condition".

The fact that the defendant Southern Railway Company had relinquished possession and control of the car from December 14, 1951 up to and including March 14, 1952 does not necessarily exonerate it from liability to the plaintiff.[1] The cases of Anderson v. Erie R. Co., 68 N.J.L. 647, 54 A. 830, and Griffin v. Payne, 95 N.J.L. 490, 113 A. 247, cited by defendant, do not appear applicable since they involve a duty of an intermediate carrier who had received the allegedly defective car from the owner.[2]

Here the charge against the defendant railway company is that as owner it put into circulation and furnished a car which was not reasonably free from discoverable defects and which it knew would be used from time to time by men engaged in loading or unloading cargo.[3]

The fact that a carrier may be held liable for a defect in a car even though it belongs to another does not relieve the owner of the car of liability for putting into circulation such a defective car.[4]

Plaintiff's allegations that the Southern Railway Company supplied the defective car and that the defendant National Distillers negligently loaded and authorized the use of the defective car, even though the acts of both defendants did not coincide in point of time, may establish a case of concurrent negligence in producing a single injury.[5]

The defendant evidently recognizing this, submits the affidavit of its attorney that when the car was received by the company which loaded the shipment it was thoroughly inspected by that company and no defects were found. Obviously the attorney is without personal knowledge of the car's condition and no affidavit has been submitted by the representative of the loading company on this subject, which in any event raises questions of fact not to be determined on a motion for summary judgment. It is also of significance that no statement has been submitted on behalf of the moving defendant as to the condition of the car on December 14, 1951, when it turned possession over to the initial carrier. This is another issue of fact which may not be disposed of on a motion for summary judgment. The function of the court on a motion for summary judgment is to decide whether or not a genuine issue of fact exists; it is not to decide the issue.[6]

---

1. Cf. Alaska Steamship Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming Petterson v. Alaska Steamship Co., 9 Cir., 205 F.2d 478; Tarkington v. U. S. Lines, 2 Cir., 222 F.2d 358; Restatement of Torts, § 392.

2. Capra v. Pennsylvania R. Co., D.C.E.D. N.Y., 116 F.Supp. 805, cited by the defendant, is not to the contrary. There a claimed defective car was out of the possession and control of the defendant on the day of the accident. It is true judgment was rendered for the defendant but the Court noted specifically that the "plaintiff has failed to prove that there was any defect in the car when it left the defendant's control * * *." Id., 116 F.Supp. at page 806.

3. Cf. Bachmann v. Chicago, M., St. P. & P. R. Co., 266 Wis. 466, 63 N.W.2d 824.

4. Cf. Gottlieb v. New York, L. E. & W. R. Co., 100 N.Y. 462, 469, 3 N.E. 344.

5. Yandell v. National Fireproofing Corp., 239 N.C. 1, 79 S.E.2d 223.

6. Morgan v. Sylvester, D.C.S.D.N.Y., 125 F.Supp. 380, 389.

**310**

Neither does the circumstance that the plaintiff upon his deposition testified that to his knowledge the door was in perfect condition require the granting of the motion. A fair reading of his testimony reveals (1) that the answer was given in response to a question as to an apparent defect and did not touch upon latent defects; and (2) the only part of the door referred to was the outside. Plaintiff's claim is that there was a latent defect on the inside of the door which could not be operated manually and in the effort to open it with an electric machine the cargo fell upon him. His statement of course may be availed of upon the trial, but it may not be used to deny him his day in court.

The motion for summary judgment is denied.

Settle order on notice.