Stanley A. Bierzynski, Respondent-Appellant, *v.* New York Central Railroad Company, Respondent and Third-Party Plaintiff-Appellant and Chesapeake & Ohio Railway Company, Appellant and Third-Party Plaintiff-Appellant. Semet-Solvay Division Allied Chemical Corporation, Third-Party Defendant-Respondent.

Fourth Department, February 20, 1969.

*Charles P. McCabe* for respondent-appellant.

*Moot, Sprague, Marcy, Landy & Fernbach* (*Richard F. Griffin* of counsel), for Chesapeake & Ohio Railway Co., appellant.

*Brown, Kelly, Turner, Hassett & Leach* (*Ogden R. Brown* of counsel), for New York Central Railroad Co., appellant.

*Adams, Brown, Starrett & Maloney* (*Robert J. Connelly* of counsel), for Semet-Solvay Corp., respondent.

BASTOW, J.   Plaintiff, an employee of third-party defendant, Semet-Solvay Division of Allied Chemical Corporation (Semet-Solvay), was injured on March 17, 1964 in the yards of his employer, which converted coal into coke.   The proof established

that on March 15, 1964 defendant, New York Central Railroad Company (New York Central) delivered to Semet-Solvay a carload of coal in a hopper car owned by defendant, Chesapeake & Ohio Railway Company (C & O). This car had been in the possession of New York Central for at least eight days.

After the coal had been emptied from the car, Semet-Solvay — in accordance with standard procedure — moved the C & O car to a loading zone to be refilled with coke. In this area cars were moved for short distances — apparently up to 300 or 400 feet — by use of a stationary winch located some 225 feet west of the loading zone. Attached to the winch was a cable some 400 feet in length at the end of which was a large steel hook. Built into each of the four corners of the hopper car were four eyelets into which the hook would be placed. The moving operation was performed by another employee of Semet-Solvay stationed in a cab in a boom that spanned at a height of 20 feet six tracks at the loading site.

Plaintiff's duties included the direction of other employees in assembling — by use of a locomotive owned by Semet-Solvay — loaded cars for shipment out of the yards. At the time of the accident the C & O car was being loaded with coke directly under the boom. Plaintiff needed a loaded car that was attached to the C & O car. He proceeded to a point under the boom and talked to the operator in the cab above him. The hook and cable were then attached to an eyelet in the C & O car. It is his version that in a " split second " thereafter the cable became taut, plaintiff saw sparks and the cable coming towards him. He was struck by the hook and severely injured. Investigation disclosed that the eyelet constructed as a component part of C & O's car had broken.

Plaintiff brought this action against New York Central and C & O. Each served third-party complaints against Semet-Solvay. At the close of plaintiff's case the trial court dismissed the complaint as to New York Central and both third-party complaints against Semet-Solvay. The jury returned a substantial verdict against C & O.

The trial proof presented a factual issue as to whether the eyelet had broken because of a defective weld therein. Plaintiff also made a feeble attempt to establish that the eyelet was not structurally suited for its intended purpose because of the position of the eyelet to the angle on the front of the car. Upon all the proof the trial court properly limited submission to the jury of the issue that the eyelet had a defective weld.

Considering first the duty placed on C & O as the owner of the car. The fact that it had relinquished possession and

control thereof to another common carrier did not necessarily exonerate it from liability, which is based on its act in putting in circulation a defective car. (*Chicago, Rock Is. & Pacific R. R. Co.* v. *Williams,* 245 F. 2d 397; *Albanese* v. *Southern Ry. Co.,* 131 F. Supp. 307, 309.) While its duty was to exercise ordinary care to provide a reasonably safe car the company is liable only for such defects as might have been discovered by reasonable care in inspection. (*Chesapeake & Ohio Ry. Co.* v. *Cochran,* 22 F. 2d 22, 25.) (See, generally, 44 Am. Jur., Railroads, § 434.)

The court instructed the jury that it was necessary for them to find that C & O had either actual or constructive notice of the alleged defect. There was no proof of actual notice. It follows that implicit in the verdict of the jury is a finding that C & O had constructive notice of the alleged defect. '' Constructive notice ordinarily means that a person should be held to have knowledge of a certain fact because he knows other facts from which it is concluded that he actually knew, or ought to have known, the fact in question. Constructive notice also exists whenever it is shown that reasonable diligence would have produced actual notice.'' (42 N. Y. Jur., Notice and Notices, § 3.)

The record, however, contains no proof of any facts from which the jury could have concluded that C & O knew, or should have known of the alleged defect. There is no evidence as to when the car was built, when it was last in the possession of C & O or when it was last inspected. Thus, there are missing the foundation facts upon which the triers of the fact could have concluded that the car owner had constructive notice of any defect. Plaintiff's reliance on his Exhibit 15 is completely misplaced. This is a freight bill from New York Central to Semet-Solvay for transportation of coal in the C & O car from West Virginia to the yards of Semet-Solvay. It has no relevancy to establish that then or at any other time was the car in possession of C & O. '' Constructive notice is a legal inference from established facts '' (*Birdsall* v. *Russell,* 29 N. Y. 220, 248) and when no facts were proven it was error to submit to the jury the issue of whether C & O had constructive notice of the alleged defect. It follows that the finding on this issue implicit in the verdict was based on pure speculation and the verdict may not stand. (*Salerno* v. *New York Cent. R. R. Co.* 21 A D 2d 850.)

Passing next to the duty owed by New York Central to plaintiff. The duty of a railroad company to provide reasonably safe cars to shippers is not affected by the fact that the car

furnished does not belong to the defendant railroad, which furnishes it to the shipper, but is a "foreign" car. (44 Am. Jur., Railroads, § 433; Ann. 126 A. L. R. 1101.) (See, also, *Gottlieb* v. *New York Lake Erie & Western R. R. Co.*, 100 N. Y. 462, 469.) Moreover, "The liability of the carrier does not arise out of contract but out of a duty [to furnish safe cars] imposed by law [citing case]. That duty extends, not only to the shipper, who has actually entered into contract with the carrier, but to the employee of that shipper, although, of course, there is no contract between employee and the carrier." (*St. Louis-San Francisco Ry. Co.* v. *Ewan*, 26 F. 2d 619, 620.)

New York Central contends, however,— as it did in moving to dismiss the complaint — that the proof established an improper design of the eyelet and not a defect discoverable by reasonable care in inspection and for such it is not responsible (cf. *Baltimore & Ohio R. R. Co.* v. *Hughes*, 278 F. 2d 324, 327). While the trial court apparently embraced this contention and granted New York Central's motion to dismiss, it then proceeded to submit the case as one of a defect in the eyelet and impliedly rejected (correctly, we believe) plaintiff's contention that it had made prima facie proof of improper design of the eyelet.

In this posture of the proof it was error to dismiss the complaint as to New York Central. Inasmuch as the proof established that New York Central had the car in its possession from March 7 to March 15, 1964, when it was delivered to Semet-Solvay, a factual issue was presented as to whether it could have discovered the defect by reasonable care in inspection. (*Salerno* v. *New York Cent. R. R. Co.*, 40 Misc 2d 785, 791, affd. 21 A D 2d 850.) It follows that the complaint was improperly dismissed as to New York Central.

Lastly, the appeals of C & O and New York Central present the correctness of the rulings of the trial court in granting the motions of Semet-Solvay to dismiss their respective third-party complaints. The general rule is that "If the carrier is negligent in furnishing a defective car to the shipper and the shipper in turn is negligent in furnishing it to his employee to be loaded, the carrier and shipper are both liable to the injured employee, for the proximate cause of the injury is the defective car. But as between the carrier and the shipper the liability of the carrier is primary, for the reason that the shipper has a right to assume that cars furnished have been inspected by the carrier and found to be reasonably safe" (44 Am. Jur., Railroads, § 433).

Acts of omission may constitute active negligence as well as acts of commission and "where there is a charge of notice, a failure to perform the duty to inspect may not be deemed mere passive negligence" (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430). We conclude that, as a matter of law, C & O and New York Central were both actively negligent because they failed "to observe for the protection of the interests of another person that degree of care and vigilance which the circumstances justly demand". (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 456.) The reliance of appellants on *Jackson* v. *Associated Dry Goods Corp.* (13 N Y 2d 112) is misplaced. The proof therein established that the owner only had constructive notice of the obstructions on his land. It was held that the jury properly found that the owner was passively negligent and was entitled to recover on its cross claim against a contractor who was actively negligent in placing the debris on the land. Here, C & O, New York Central and Semet-Solvay were *in pari delicto* because each might have been found to have breached the same duty (of which each had at most constructive notice) owing to plaintiff — failure to inspect. The third-party complaints were properly dismissed.

The judgment and order should be modified on the law and facts to the extent of (1) reversing so much thereof as dismissed the complaint against New York Central Railroad Company and granted plaintiff recovery against defendant, Chesapeake & Ohio Railway Company and (2) directing a new trial against both defendants and, as modified, the judgment and order should be affirmed. All without costs.

GOLDMAN, P. J., DEL VECCHIO, MARSH and HENRY, JJ., concur.

Judgment and order unanimously modified on the law and facts to the extent of (1) reversing so much thereof as dismissed the complaint against New York Central Railroad Company and granted plaintiff recovery against defendant, Chesapeake & Ohio Railway Company and (2) directing a new trial against both defendants and, as modified, judgment and order affirmed, all without costs.