**PAUL v. DULUTH, MISSABE & IRON RANGE RY. CO.**

**Civ. No. 1005.**

United States District Court
D. Minnesota, F. D.
Feb. 28, 1950.

———♦———

This matter came before the Court on plaintiff's motion for a new trial on the grounds specified in the notice of motion.

Paul J. Louisell, of Duluth, Minn., for plaintiff.

W. O. Bissonett, of Duluth, Minn., for defendant.

NORDBYE, Chief Judge.

In presenting his argument, plaintiff's counsel conceded that the showing did not justify any consideration of the alleged ground for new trial based upon newly discovered evidence, and informed the Court that such purported ground was withdrawn.

■ Plaintiff urges that the Court erred in sustaining defendant's objection to the questions asked the witnesses Lloyd Sunnarborg and Robert Risberg on rebuttal. The offer of proof pertained to the experiences with alleged defective and insecure hand brakes on cars of the defendant that these two former employees of the Zenith Dredge Company had had some time prior to plaintiff's accident while working on cars of the defendant used in quarry operations. The offer of proof stated that on several occasions when these witnesses had operated hand brakes on flat cars belonging to the defendant, the brakes did not hold when they were operated in the normal manner. It is not contended that the cars with defective brakes operated by these witnesses included the identical car which was operated by plaintiff at the time of the accident. Nor does the offer of proof indicate that the conditions were the same when Sunnarborg and Risberg had their experiences with alleged defective hand brakes as at the time of plaintiff's accident. It appears that the period involved was some six months prior to plaintiff's accident. It seems apparent, therefore, that such proof was not admissible as rebuttal evidence. If the Court received the proffered evidence, it would mean that it would be necessary to try collateral issues which are entirely foreign to this lawsuit. Many things may cause hand brakes to operate unsatisfactorily. The carelessness or inexperience of the men themselves may be the reason. The grades in this quarry are extremely precipitous and in hauling crushed rock of various sizes, it is common knowledge that debris and small rocks may become lodged in the brake mechanism and result in unsatisfactory operations. Moreover, cars that are used in a quarry are subject to more than usual wear and tear, and the faulty mechanism may have occurred after the cars had been delivered to the quarry company. There was no showing in the offer of proof as to the length of time these alleged defective cars had been in the control of the quarry company after delivery by the defendant. The fact that Risberg and Sunnarborg may have had experience with defective brakes in 1947 does not constitute any probative evidence as to the reasonable care which the defendant exercised in the inspection of the car involved in plaintiff's accident, which occurred in June, 1948.

■ Plaintiff also urges that the Court should have submitted the case on the doctrine of res ipsa loquitur, but it seems apparent from the undisputed facts that this doctrine is not applicable herein. These cars were not under the exclusive control or management of the defendant at the time of the accident. The question of plaintiff's own lack of care enters into the situation so strongly that it is, in light of the evidence, a far more reasonable probability as a factor in causing the accident than any presumption that might arise from the mere happening of the accident. The distance the cars were from each other at the time the switching operations took place, the speed and weight of the moving cars, the method by which the hand brake was applied, the timeliness of its application, and whether plaintiff gave the proper signals to the engineer in view of the particular operation involved, are all facts which must be given due consideration in determining the cause of this accident. There is no evidence as to the identity of the car involved in the accident. Defend-

580

ant was never informed as to the identity of the car, so obviously it was in no position to make any examination of the brake mechanism after the accident. In view of that situation, it was in no position to go forward with the proof and furnish any explanation as to what caused the brake to perform unsatisfactorily. This was not the kind of an accident which does not generally occur in the ordinary course of events except through some fault of the defendant. It would seem that a mere recital of the peculiar facts of this case amply sustains the Court's ruling that the doctrine of res ipsa loquitur was not applicable.

Lastly, plaintiff urges the applicability of the safety appliance provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. His position in this regard is clearly untenable. Plaintiff was not an employee of defendant. At the time of this accident, the cars were not being used on defendant's railroad. They had been delivered to the Zenith Dredge Company and remained under the latter's exclusive control an appreciable time before the accident. The movement at the time of the accident was conducted exclusively by a switch crew of the Zenith Dredge Company, of which crew plaintiff was a member. As indicated heretofore, it is common knowledge that many things may have happened to this car and the brake mechanism thereon after the same was delivered to the dredge company. There is no testimony that it was in the same condition at the time of the accident as it was when it was delivered. In view of the plain wording of the Safety Appliance Act, 45 U.S.C.A. 31 et seq., this Court has no right to extend its protection to employees of a quarry company which may be operating cars of a common carrier on the private tracks of the quarry company at a time when the cars, tracks, and the crew are in the exculsive control of that company and have been for an appreciable period of time. There is nothing in the Federal Employers' Liability Act which would suggest that Congress intended to extend the benefits of the Act to the plaintiff under such circumstances.

Reference may be made to plaintiff's assigned error No. 2 in his notice of motion, where it is claimed that the Court erred in refusing to consider, and in denying additional requests to instruct, Nos. 10a and 12a. It will be remembered that these requests were submitted after the arguments of counsel and hence, under Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the presentation thereof for ruling was not timely. The other assigned errors in the notice of motion were not touched upon in plaintiff's argument and hence it does not seem necessary to comment further.

After due consideration, the Court is of the opinion that the motion for new trial must be, and the same hereby is, denied.

An exception is allowed.