■ METROPOLITAN LIFE INSURANCE COMPANY, Respondent, v PEDRO MORRIS et al., Appellants, et al., Defendants, and TINTO FUNDING CORP., Respondent.

This action was commenced by service of a summons and complaint on March 5, 1983. The appellants, owners of the subject premises, served a notice of appearance on January 19, 1984, but defaulted in answering. The plaintiff rejected the notice as untimely and secured a default judgment of foreclosure and sale dated March 19, 1984 and the premises were sold at public auction.

The appellants moved to open the default, alleging that they were never served with process, and that they appeared in the action but were not given notice of the Referee's computation, the judgment or the date of the foreclosure sale.

In opposition, the plaintiff alleged that the appellants were indeed served with process and submitted the process server's affidavit. Also submitted were records detailing two telephone calls from Pedro Morris within six days after service of the summons and complaint, in one of which he spoke to counsel and admitted that he was served. The plaintiff also submitted the record of a conversation in April of 1983 with the appellants' counsel, who advised that he would file an answer and that only one party had been served. Counsel for the plaintiff replied that an answer would be rejected as untimely, and that he had affidavits of service for both Pedro and Mary Morris.

In reply, counsel for the Morrises apparently abandoned the jurisdictional defense and merely argued that they were entitled to notice of all proceedings subsequent to their notice of appearance. At no time did the appellants allege that they had any defenses to the foreclosure.

By order dated December 5, 1984, Special Term granted the appellants' motion to vacate the judgment of foreclosure only to the extent that the "movants shall have the right to redeem the property within (60) days after the date of entry of this order".

On February 4, 1985, the plaintiff, in order to obtain title insurance, sought to resettle the order dated December 5, 1984, to expressly indicate that it is provisional. The appellants were served with a copy of the December 5 order at that time, and were given actual notice that that order had been entered on December 18, 1984. The application was granted. The resettled order indicated that at oral argument on the motion to vacate the default the parties were clearly informed of the court's intended disposition and advised that if "redemption of the property was not accomplished within the specified time frame the foreclosure would not be vacated".

The appellants failed to redeem the property. On appeal they claim that the court erred when it "failed to insure that the appellants were notified of their right to redeem".

Initially, we note that the appellants were advised at oral argument on their motion to open the default that the court intended to grant vacatur, conditioned upon redemption. The court put the appellants on notice that an order in their favor, with time limits, would be forthcoming.

Moreover, the appellants were obligated as movants to follow up on their motion and were put on constructive notice from several sources, notwithstanding their apparent failure to provide the court with a self-addressed envelope to enable it to give them notice. This appeal appears designed to seek further delay or to reward the appellants' lack of diligence, particularly in light of their admitted *ability and failure* to redeem as of February 4, 1985, when they were given actual notice that the December order had been entered on December 18, 1984.

The appellants claim to have searched the court records for an order on their motion without success. They also claim to have been unaware of the notice published in the New York Law Journal on December 20, 1984 (NYLJ, Dec. 20, 1984, p 16, col 3). Notwithstanding the appellants' alleged ignorance of the entry of the December order, they were not prejudiced, as the time within which to discover that that order had been entered and to redeem was sufficient. The appellants were represented by counsel, and entry in the clerk's office and publication in the New York Law Journal were sufficient to put them on notice of the date of entry of that order and commencement of their time to redeem. "One who has reasonable grounds for * * * inquiring * * * ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose * * * Actual knowledge is not re-

quired" *(Fidelity & Deposit Co. v Queens County Trust Co.,* 226 NY 225, 233, *rearg denied* 226 NY 711). It is clear that the appellants could have acquired actual knowledge of the date of entry of the December order prior to February 4, 1985, through an exercise of reasonable diligence. The appellants had constructive notice, which "exists whenever it is shown that reasonable diligence would have produced actual notice" *(see, Bierzynski v New York Cent. R. R. Co.,* 31 AD2d 294, 297).

Moreover, as previously noted, in addition to constructive notice, the appellants had actual notice of the date of entry of the December order. They were served with a copy of the order by the plaintiff on February 4, 1985. Counsel's affidavit in support of the motion to resettle clearly stated the date of entry, December 18, 1984. At that time, when there were 12 days remaining within which to redeem and when the appellants were, by their own account, ready, willing and able to satisfy the plaintiff's mortgage, they failed to redeem and, instead, opted to oppose resettlement and seek yet more time to redeem upon the utterly frivolous ground that they never received notice that their time to redeem was running. Mollen, P. J., Mangano, Bracken and Kooper, JJ., concur.